## George *v*. Terry.

CONFEDERATE MONEY.—In a contract, the consideration of which was Confederate notes, it is immaterial whether the party first agreed to pay money for such notes, or to pay property for them, and then executed a promissory note for the property, the consideration, which was the basis of the promise, being Confederate notes, was illegal, null and void.

PROMISSORY NOTE.—A promissory note given for a supposed liability, which has no foundation in law, is without consideration and void.

*Appeal from Ashley Circuit Court.*

HON. HENRY B. MORSE, Circuit Judge.

*G. W. Norman,* for appellant.

*W. D. More, English, Gantt & English,* for appellee.

GREGG, J.,

The appellee brought his complaint at law upon a note for $1000. The appellant answered the complaint, by admitting the making of the note, and averring that she had sold the appellee one hundred bales of cotton, for two thousand six hundred dollars, in treasury notes of the so-called Confederate States, then in rebellion against the United States government, and she received the two thousand six hundred dollars in such treasury notes, and gave her receipt for the same, and agreed to deliver the cotton, and did deliver sixty-six bales, which were afterwards sold by appellee for $8,717 $\frac{22}{100}$, in United States currency, and the balance of her cotton, without fault of hers, being burned, at the instance of the appellee she executed the note, sued upon, as the balance of the consideration on her part in said agreement, and for no other consideration; that said treasury warrants were utterly valueless and void, etc.

The appellee demurred to the answer. The circuit court sustained the demurrer, and rendered final judgment against the

appellant for the amount of the note and interest, from which judgment she appealed to this court.

The appellee here says: "The only question presented by the transcript is: Was there a consideration for the note sued on?"

There was an agreement by the appellant to transfer a considerable amount of valuable property, and an agreement on the part of the appellee to pay her a certain amount of notes, which this court has repeatedly held to be illegal and void. If the promise was made by the one party, without any consideration on the part of the other, such promise cannot be held binding. If this answer be true, and for the purposes of the demurrer it is taken as true, the appellee paid over Confederate notes; he neither paid, nor promised to pay any thing else, then there was no consideration moving from him but the Confederate notes, and it is not material whether the appellant first agreed to pay money for such notes, or to pay property for them, and then executed the note in lieu of the property; the consideration, which was the basis of the promise, was Confederate notes received. That, and that alone, was all that was given, or to be given, for the cotton or note. Then, if these notes were illegal and valueless, the appellee sustained no injury in passing them to the appellant, nor did he thereby confer any benefit upon her; and it has been holden that such notes, issued in violation of the laws of the State and United States, and to aid in the rebellion against the lawful government, must be so considered.

A promissory note, given for a supposed liability, which has no foundation in law, is without consideration and void. *Haynes v. Thorn, Foster, 386.*

It therefore, follows that the circuit court erred in sustaining the demurrer to the appellant's answer. For that error the judgment is reversed, and the cause remanded, with instructions to overrule the demurrer and to proceed according to law.